IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,762






EX PARTE CHARLES RAY DORSEY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 96-08-01088-CR(1) IN THE 284TH DISTRICT COURT


FROM MONTGOMERY COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to forty
(40) years' imprisonment. The judgment included an affirmative finding of a deadly weapon. The Ninth
Court of Appeals deleted the deadly weapon finding and affirmed the conviction as modified. Dorsey v.
State, 117 S.W.3d 332 (Tex. App. - Beaumont 2003, no pet.).

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel failed
to timely notify Applicant that his conviction had been affirmed. 

 Appellate counsel filed an affidavit with the trial court confirming that she did not timely notify
Applicant that his conviction had been affirmed. The trial court has entered findings of fact and conclusions
of law that: (1) Applicant's claim is barred by laches; and (2) this Court should overrule its cases that hold
an Applicant may be entitled to relief if appellate counsel failed to timely notify him that his conviction had
been affirmed on direct appeal. The trial court recommends that relief be denied. However, the State has
not shown that Applicant's claim is barred by laches. Ex parte Carrio, 992 S.W.2d 486 (Tex. Crim.
App. 1999). We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition
for discretionary review of the judgment of the Ninth Court of Appeals in Cause No. 09-02-023-CR that
affirmed his conviction in Case No. 96-08-01088-CR from the 284th District Court of Montgomery
County. Applicant shall file his petition for discretionary review with the Ninth Court of Appeals within 30
days of the date on which this Court's mandate issues.


Delivered: September 12, 2007

Do not publish